# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO. 5:12-CR-00284-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES RODREQUIAS PRESSLEY | ) | |
| _____ | ) | |

    This cause comes before the Court upon the following motions filed by Defendant, referred to the undersigned:

    **DE-28** Motion for Notice of Intent to Use 404(b) Evidence;

    **DE-29** Motion to Sequester Witnesses;

    **DE-30** Motion for Early Release of Jencks Material; and

    **DE-31** Motion for Disclosure of Promises and Inducements

    The Government has responded to these motions (DE-32), and they are now ripe for adjudication. For the reasons set forth herein, the motion for notice of intent to use 404(b) evidence (DE-28) is GRANTED IN PART and DENIED IN PART; the motion for early release of Jencks material (DE-30) is DENIED; and the motions to sequester witnesses (DE-29) and for disclosure of promises and inducements (DE-31) are GRANTED.

    As an initial matter, it is noted that most of these motions are essentially discovery motions. Accordingly, Defendant is required to comply with Local Criminal Rule 16.1. Local Criminal Rule 16.1 specifically requires a defendant to preface any discovery motion with a statement that his attorney has had a discovery conference with the Government's attorney and has been refused discovery of a specific item for a particular reason. This rule enables the court

to distinguish genuine discovery disputes from exhaustively imprecise efforts by defense counsel to discover every aspect of the Government's evidence and trial strategy and to concentrate its efforts on resolving those genuine disputes. In the instant case, Defendant has not complied with Local Criminal Rule 16.1 and the discovery motions could be denied on that ground alone. Defendant is admonished to adhere to the local rules in the future.

### A. Rule 404(b) Motion, DE-28

Defendant requests that the Government disclose the date, nature and circumstances of all evidence showing other crimes, wrongs or acts not charged in the indictment which the government intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence. In a criminal case, Rule 404(b) requires the prosecution, upon request by the accused, to "provide reasonable notice of the general nature of any [404(b)] evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(2)(A). Notice must be given "before trial – or during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2)(B). The rule does not entitle the defendant to discovery of the 404(b) evidence itself. Nonetheless, this motion is GRANTED to the extent that Defendant requests notice of the general nature of any 404(b) evidence the Government intends to introduce at trial. This notice shall be provided by the Government at least one week prior to trial. Defendant's request is DENIED to the extent that it seeks disclosure of the 404(b) evidence itself.

### B. Motion to Sequester Witnesses, DE-29

Federal Rule of Evidence 615 provides that "[a]t a party's request, the court must order witnesses excluded . . . ." Accordingly, Defendant's motion to sequester witnesses is GRANTED.

### C. Motion for Early Release of Jencks Material, DE-30

Defendant requests that the Court order the government to release all material subject to disclosure under the Jencks Act, 18 U.S.C. § 3500, to his counsel no later than fifteen days before the start of trial. However, the Jencks Act provides: "After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. §3500(b). Thus, under the plain language of the Jencks Act, the government is not required to produce such testimony until a witness has testified. United States v. Lewis, 35 F.3d 148, 151 (4th Cir. 1994) (holding that pretrial discovery Jencks Act material is improper). As such, Defendant's request for the early production of this material is clearly contrary to the plain language of the Jencks Act. Therefore, this motion is DENIED.

### D. Motion to Disclose Promises and Inducements, DE-31

Finally, Defendant requests "an order requiring the Government disclose to the Defendant the existence and substance of any payments, promises, plea agreements, immunity, leniency, or preferential treatment made to prospective Government witnesses in this case." Def.'s Mot. To Disclose, DE-31. This motion is superfluous given the existing demands placed upon the Government. The Government acknowledges in its response its duty to disclose all information, including all promises of leniency, immunity, or other similar inducements which might arguably be used to impeach or discredit a Government witness at trial. United States v. Giglio, 405 U.S. 150, 154-155 (1972); Chavis v. North Carolina, 637 F.2d 213 (4th Cir. 1980). Regardless, this request is GRANTED to the extent that *Giglio* requires such disclosure.

In conclusion, as explained *supra*, the motion for notice of intent to use 404(b) evidence (DE-28) is GRANTED IN PART and DENIED IN PART; the motion for early release of Jencks

material (DE-30) is DENIED; and the motions to sequester witnesses (DE-29) and for disclosure of promises and inducements (DE-31) are GRANTED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 6th day of March, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE