IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-284-BO-1
NO. 5:17-CV-396-BO

| | |
|---|---|
| JAMES RODREIQUAS PRESSLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 187, 194), motion for extension of time to file a § 2255 petition (DE 185), motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 (DE 189), and motions to amend (DE 195, 203). Also before the court is respondent's motion to dismiss (DE 196) pursuant to Federal Rule of Civil Procedure 12(b)(6).

**BACKGROUND**

On July 30, 2014, petitioner was found guilty, following a jury trial before Judge James C. Fox, of several charges related to a drug conspiracy and money laundering conspiracy. On July 15, 2015, petitioner was sentenced to life imprisonment. Petitioner subsequently appealed, and the United States Court of Appeals for the Fourth Circuit affirmed petitioner's conviction and sentence. See United States v. Pressley, 654 F. App'x 591 (4th Cir. 2016).

On July 3, 2017, petitioner filed a motion for an extension of time to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On July 10, 2017, this action was

re-assigned to the undersigned for all further proceedings. Then, on July 24, 2017,[1] petitioner filed his § 2255 petition. On August 2, 2017, petitioner filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, which was fully briefed. On September 5, 2017, petitioner filed a second § 2255 motion, which was nearly identical to petitioner's original § 2255 motion. On the same date, petitioner filed a motion to amend his § 2255 motion to include several new claims.

On September 18, 2017, respondent filed a motion to dismiss the claims petitioner raised in his original § 2255 motion pursuant to Rule 12(b)(6), arguing that petitioner failed to state a claim upon which relief may be granted. Petitioner responded to the motion to dismiss, and then moved to again amend his § 2255 motion to include several new claims.

## DISCUSSION

The court begins with petitioner's motion for a new trial pursuant to Rule 33. Petitioner asserts that he is entitled to a new trial pursuant to Rule 33 because he received ineffective assistance of counsel. In particular, petitioner states that his counsel failed to interview witnesses identified by petitioner as possessing relevant information.

Rule 33 allows a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The rule further provides that a motion for a new trial based on newly discovered evidence must be filed within three years of the finding of guilt, and a motion for a new trial, based on any reason other than newly discovered evidence, must be filed within fourteen days of the finding of guilt. Id. 33(b)(1), (b)(2). "[I]nformation supporting an

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated July 24, 2017, but filed on July 28, 2017, to be filed on July 24, 2017. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

2

ineffective assistance claim is not evidence within the meaning of Rule 33." United States v. Smith, 62 F.3d 641, 650 (4th Cir. 1990) (internal quotation omitted). Accordingly, such claim must be filed within 14 days of the guilty verdict. United States v. Gooding, 594 F. App'x 123, 127 n. 4 (4th Cir. 2014) (internal quotation and citation omitted)). Because petitioner's Rule 33 motion was filed well after the fourteen-day period following petitioner's guilty verdict, the court DENIES petitioner's motion as untimely.

The court next turns to petitioner's motion for an extension of time to file his § 2255 motion. Nothing in the text of text of § 2255 or relevant case law permits this court to extend the one-year statute of limitations which applies to all § 2255 motions. See United States v. Hyde, No. 1:16CR00001-007, 2017 WL 4684191, at *1 (W.D. Va. Oct. 18, 2017) ("The court has no power to extend the time to file a motion under § 2255."). Thus, petitioner's motion to extend the deadline for filing his § 2255 motion is DENIED.

Finally, the court addresses petitioner's two motions to amend his § 2255 petition in which he seeks to supplement his claims. For good cause shown, petitioner's motions are GRANTED. See Fed. R. Civ. P. 15(a). Because the court has granted petitioner's motions to amend and because respondent's motion to dismiss does not address petitioner's newly added claims, the court DENIES as MOOT respondent's pending motion to dismiss.

In summary, the court ORDERS as follows:

(1) Petitioner's motion for an extension of time to file a § 2255 motion (DE 185) is DENIED;

(2) Petitioner's motion for a new trial pursuant to Rule 33 (DE 189) is DENIED;

(3) Petitioner's motions to amend (DE 195, 203) are GRANTED;

(4) Respondent's motion to dismiss (DE 196) is DENIED as MOOT;

(5) Dispositive motions now are due within 21 days of this court's order.

SO ORDERED, this the __7__ day of December, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge