IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-284-BO-1
No. 5:17-CV-396-BO

| | | |
|---|---|---|
| JAMES RODREIQUAS PRESSLEY, | ) | |
| Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 187, 194]. Respondent has moved for summary judgment. [DE 212]. Petitioner has responded in opposition. [DE 215]. These matters are ripe for disposition. For the reasons discussed below, respondent's motion for summary judgment [DE 212] is GRANTED.

## BACKGROUND

In 2014, a jury found petitioner guilty of thirteen counts related to drug distribution and money laundering conspiracies. [DE 126]. In July 2015, petitioner was sentenced to life imprisonment. [DE 162]. Petitioner appealed, arguing (1) that his sentence was procedurally and substantively unreasonable, (2) that drug weights attributed to him were erroneously calculated, (3) that the district court improperly limited the scope of his cross-examination of a co-conspirator, and (4) juror misconduct. *United States v. Pressley*, 654 F. App'x 591 (4th Cir. 2016). The Fourth Circuit rejected each of these four arguments and affirmed. *Id.*

In July 2017, petitioner filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 187]. In September 2017, petitioner filed a second Section 2255

motion. [DE 194]. This second motion was nearly identical to the first. The same day, petitioner filed his first motion to amend his Section 2255 motion, adding a few new claims. [DE 195-1, p. 1–4]. Respondent moved to dismiss petitioner's Section 2255 motions under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [DE 196].

In November 2017, petitioner filed a second motion to amend his Section 2255 motion, attempting to add two new claims. [DE 203]. In December 2017, the Court granted petitioner's motions to amend and denied respondent's motion to dismiss as moot, in light of the new claims raised in petitioner's amended Section 2255 motions. [DE 204].

Respondent again moved to dismiss, arguing that petitioner had failed to state an actionable claim. [DE 205]. In April 2018, the Court granted in part and denied in part, dismissing three of petitioner's eighteen claims. [DE 209]. In July, respondent moved for summary judgment on the remaining claims. [DE 212]. Petitioner responded in opposition. [DE 215].

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). In determining whether a genuine issue of material fact exists, a court must view the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there

must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). And "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis in original). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Fifteen of petitioner's eighteen claims have survived dismissal. Each of the surviving claims involves alleged ineffective assistance of counsel. Those claims are as follows: (1) trial counsel's failure to move to suppress a statement given to police prior to petitioner's arrest; (2) trial counsel's failure to move to dismiss petitioner's indictment for containing duplicative charges; (3) trial counsel's failure to object to the jury instructions as to the definition of reasonable doubt; (4) trial counsel's failure to request a jury instruction on the informant's role; (5) post-conviction counsel's failure to object to an error in drug quantity; (6) post-conviction counsel's failure to object to an error in drug quantity at sentencing; (7) post-conviction counsel's failure to further argue for a lesser drug quantity at sentencing; (8) post-conviction counsel's failure to raise certain issues on appeal; (9) post-conviction counsel's failure to object to petitioner's base offense level; (10) trial counsel's failure to present evidence challenging the money-laundering conspiracy; (11) trial counsel's failure to request a multiple conspiracy jury instruction; (12) trial counsel's failure to effectively cross-examine witnesses; (13) trial counsel's failure to interview witnesses identified by petitioner; (14) trial counsel's failure to object to the trial testimony of alleged co-conspirators; and (15) trial counsel's failure to seek a mistrial following statements made during closing arguments. [DE 187, 187-2, 189, 195-1, 203].

The government has moved for summary judgment as to each of petitioner's fifteen ineffective assistance claims, arguing that there are no genuine issues of fact which are *material* to the claims. Since *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner must first show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, as to each of petitioner's fifteen claims, he must establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) it is reasonably probable that but for counsel's errors, the result would have been different.

Viewing the record in the light most favorable to the petitioner, and drawing all reasonable inferences in his favor, it is clear that none of petitioner's claims satisfy the demanding *Strickland* requirements. Thus, summary judgment must be granted for the government.

<u>1. Trial counsel was not ineffective in failing to move to suppress petitioner's pre-arrest statement.</u>

Petitioner argues that his constitutional rights were violated when he gave statements to police prior to his arrest, without receiving *Miranda* warnings. But, by his own admission, petitioner gave these statements after being told that he might receive some benefit for his voluntary cooperation. [DE 187-2, p. 13]. According to the testimony of Lieutenant Christensen, petitioner was informed that he "was not under arrest." [DE 143, p. 94]. Petitioner voluntarily followed Christensen and got into a car with him and an IRS agent. [DE 143, p. 96–97]. At that

4

time, petitioner confessed to his role in a drug distribution scheme. [DE 145, p. 100]. Petitioner contends that he was coerced into giving these statements and that he was effectively in custody at the time. [DE 215, p. 7–11]. Further, he argues that Lieutenant Christensen's first-hand testimony was "uncorroborated by any recording or written documents." [DE 215, p. 7]. Regardless, however, there is no disputed fact which would materially affect the *Strickland* inquiry. At the time, with the evidence available, trial counsel's decision not to attempt suppression of petitioner's pre-arrest statement to police did not fall below an objective standard of reasonableness. Under the "highly deferential" inquiry which a court must undertake on collateral review of counsel's performance, and considering the "strong presumption" that counsel's strategic decisions were reasonable, summary judgment must be granted for the government. *See Sharpe*, 593 F.3d at 382; *see also Roane*, 378 F.3d at 404.

2. Trial counsel was not ineffective in failing to move for dismissal of the indictment.

Petitioner argues that counsel should have moved to dismiss his indictment for containing a drug charge which was duplicitous. The indictment, however, was *not* facially duplicitous; it alleged different drug transactions which occurred separately and on different days. [DE 1]. It was not objectively unreasonable, therefore, for trial counsel not to challenge the indictment.

3. Trial counsel was not ineffective in failing to object to the reasonable doubt jury instruction.

Petitioner argues that counsel should have challenged a jury instruction given as to Count Seven of his indictment, which stated in relevant part that the "government has the burden of proving the conspiracy charged in Count Seven beyond a reasonable doubt separately as to both defendants." [DE 151, p. 46]. This instruction was not deficient and, moreover, is generally given for the benefit of criminal defendants. As such, it was not objectively unreasonable for trial counsel not to challenge the instruction.

5

4. Trial counsel was not ineffective in failing to request a jury instruction on the informant's role.

Many of the members of the ongoing conspiracy were not government informants, and many of them were convicted in related criminal cases. [DE 157, p. 6–9]. The lack of instruction on the informant's role was not prejudicial to petitioner under *Strickland*, and, therefore, it was not objectively unreasonable for trial counsel not to request such an instruction.

5–7. Post-conviction counsel was not ineffective in failing to object to drug quantities.

In his next three claims, petitioner argues in turn that his post-conviction counsel was ineffective in failing to object to drug quantities attributed to petitioner in his presentence investigation report (PSR), in failing to raise those objections again at sentencing, and in failing to argue for a lesser drug quantity at sentencing. All three claims fail because they are not supported by the record. Counsel objected to the PSR directly and the Probation Office responded in an addendum. [DE 157, p. 22–23]. Then, counsel specifically objected to the drug weights attributed to petitioner by each testifying witness in a detailed sentencing memorandum. [DE 159, p. 3–7]. Finally, counsel reiterated these objections on the record at petitioner's sentencing hearing. [DE 175]. The Court even partially granted counsel's objections and altered the drug weight attributed to petitioner. [DE 175, p. 32]. There are no disputed facts which would materially alter the application of *Strickland*'s first prong, under which it is clear that counsel was not ineffective with respect to petitioner's fifth, sixth, or seventh claims. As such, summary judgment must be granted to the government on each claim.

8. Post-conviction counsel was not ineffective in failing to raise certain issues on appeal.

Petitioner argues that post-conviction counsel was ineffective in failing to appeal a U.S.S.G. § 3B1.1(b) sentencing enhancement on direct appeal. On appeal, petitioner argued (1) that his sentence was procedurally and substantively unreasonable, (2) that drug weights attributed

to him were erroneously calculated, (3) that the district court improperly limited the scope of his cross-examination of a co-conspirator, and (4) juror misconduct. *United States v. Pressley*, 654 F. App'x 591 (4th Cir. 2016). The Fourth Circuit rejected each of these arguments. "In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). Counsel need not assert every non-frivolous argument. Ignoring weaker arguments and focusing on "those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983). "[O]nly when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome." *Bell, 236 F.3d at 164* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)) (internal quotation marks omitted). It is clear that counsel's decision to forgo a possible objection to the 3B1.1(b) enhancement was not objectively unreasonable in relation to the four claims which counsel did pursue, albeit unsuccessfully.

9. Post-conviction counsel was not ineffective in failing to object to petitioner's base offense level.

Petitioner argues that counsel should have objected to his base offense level under the sentencing guidelines. But counsel *did* make such an objection. Counsel objected to several guideline enhancements that led to a great sentencing range in the PSR, including a two-level enhancement for possession of a firearm, a two-level enhancement for maintaining a premises for the purpose of manufacturing a controlled substance, and a three-level enhancement for being a "manager or supervisor," in addition to other objections to the PSR concerning drug weights. [DE 157, p. 23–25; DE 159, p. 7–9]. Thus, there is no genuine dispute as to any fact material to

petitioner's claim. Counsel made the objections that petitioner complains of and, as such, her conduct was not constitutionally ineffective.

10. Trial counsel was not ineffective in failing to present evidence challenging the money-laundering conspiracy.

Petitioner claims that counsel "failed to present evidence and witnesses to challenge" the money-laundering conspiracy. [DE 195-1, p. 3]. But defense counsel presented at least three witnesses on petitioner's behalf, including Vincent Pressley, Brittany Dawson, and James Pressley, Jr. [DE 150]. All three are relatives of petitioner who testified about the nature of his business, his employment, and his sources of income. Thus, petitioner is incorrect that counsel failed to present evidence challenging the money-laundering conspiracy. There are no material issues of disputed fact, so summary judgment must be granted for the government.

11. Trial counsel was not ineffective in failing to request a multiple conspiracy jury instruction.

Petitioner argues that the evidence at trial suggested the existence of multiple conspiracies and that trial counsel was ineffective in failing to request a jury instruction on multiple conspiracies. But, on review of the record, it is clear that nothing in the presented evidence suggested the existence of multiple conspiracies. Petitioner has not alleged any facts to dispute the record and, moreover, counsel had only that record to rely upon in deciding whether to request a multiple conspiracy jury instruction. There are no genuine, disputed factual issues which materially influence the Strickland analysis. Accordingly, it was not objectively unreasonable for counsel not to request a jury instruction concerning multiple conspiracies. Summary judgment must be granted in favor of the government.

12. Trial counsel was not ineffective in failing to cross-examine witnesses.

Petitioner argues that counsel's cross-examination of government witnesses was "for all practical purposes, non-existent." [DE 195-1, p. 4]. But petitioner has not alleged any specific facts in support of this claim. Trial counsel cross-examined various witnesses. [DE 149, p. 1047, 1059, 1068, 1093]. Indeed, petitioner, on appeal, argued to the Fourth Circuit that the district court had improperly restricted the scope of his cross-examination of one of his co-conspirators. [DE 176, p. 3]. On the record, it is clear that counsel's cross-examination of witnesses did not fall below the level of objectively reasonable conduct.

### 13. Trial counsel was not ineffective in failing to interview witnesses identified by petitioner.

As mentioned above, trial counsel presented witnesses on petitioner's behalf, including Vincent Pressley, Brittany Dawson, and James Pressley, Jr. [DE 150]. Petitioner's allegation that counsel did not interview witnesses that he identified is directly contradicted by the record and petition does not allege any facts sufficient to place the matter in dispute. Thus, summary judgment must be granted for the government.

### 14. Trial counsel was not ineffective in failing to object to the testimony of petitioner's co-conspirators.

Petitioner argues that trial counsel should have objected to his co-conspirators' testimony but does not identify any specific grounds upon which such an objection could be validly made. The mere fact that each of these witnesses provided testimony which was harmful to petitioner's defense is not, in itself, grounds for objection. Any objection by trial counsel, then, would likely have been frivolous and ineffective. As such, the *Strickland* bar is not met, and counsel's conduct was not objectively unreasonable.

### 15. Trial counsel was not ineffective in failing to seek a mistrial following closing arguments.

Petitioner argues that trial counsel should have sought a mistrial following certain comments made during closing arguments by the prosecutor and counsel for petitioner's co-defendant. There is no genuine issue of disputed fact because petitioner has not alleged any facts other than those which are contained in the record. Upon review of the record, it is clear that the comments made during closing argument do not justify a mistrial. [*See* DE 150, p. 1351–82, 1399–1413]. To establish that a prosecutor's closing argument was so prejudicial as to deprive the defendant of due process, the defendant "must show (1) that the [prosecutor's] remarks were improper and (2) that they 'prejudicially affected the defendant's substantial rights so as to deprive [him] of a fair trial.'" *United States v. Wilson*, 135 F.3d 291, 297 (4th Cir. 19998) (internal citations omitted). The scope of the closing argument is limited to the facts in evidence. *Id.* at 298. Petitioner specifically takes issue with statements in which the government described him as a "drug dealer" and in which counsel for his co-defendant compared his property to "Graceland." [DE 204, p. 2–3]. A review of the record establishes that, in both cases, these statements were within the proper scope of the closing argument and supported by the facts in evidence. None of the statements that petitioner took issue with were so prejudicial as to deprive him of a fair trial.

In sum, the Court finds that petitioner has not raised a genuine issue of material fact as to any of his fifteen claims for ineffective assistance of counsel in light of the demanding *Strickland* requirements. Petitioner has not alleged sufficient facts to raise a genuine dispute as to whether the conduct of either trial counsel or post-conviction counsel was objectively reasonable. As such, summary judgment in favor of the government is necessary.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating

that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling on such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's finding of summary judgment in favor of respondent on petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, respondent's motion for summary judgment [DE 212] as to petitioner's Section 2255 motion [DE 187, 194] is GRANTED. A certificate of appealability is DENIED.

SO ORDERED, this __7__ day of October, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE