IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-284-BO-1
5:17-CV-396-BO

| | |
|---|---|
| JAMES RODREIQUAS PRESSLEY, <br> Petitioner, <br> <br> v. <br> <br> UNITED STATES OF AMERICA, <br> Respondent. | ) <br> ) <br> ) <br> )     <u>O R D E R</u> <br> ) <br> ) <br> ) |

This cause comes before the Court on petitioner's Rule 59(e) motion to reconsider the Court's order granting summary judgment to respondent on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 218]. It is ripe for disposition. For the reasons that follow, petitioner's motion to reconsider [DE 218] is DENIED.

## BACKGROUND

In 2014, a jury found petitioner guilty of thirteen counts related to drug distribution and money laundering conspiracies. [DE 126]. In July 2015, petitioner was sentenced to life imprisonment. [DE 162]. Petitioner appealed, arguing (1) that his sentence was procedurally and substantively unreasonable, (2) that drug weights attributed to him were erroneously calculated, (3) that the district court improperly limited the scope of his cross-examination of a co-conspirator, and (4) juror misconduct. *United States v. Pressley*, 654 F. App'x 591 (4th Cir. 2016). The Fourth Circuit rejected each of these four arguments and affirmed. *Id.*

Petitioner filed a Section 2255 motion alleging eighteen instances of ineffective assistance of counsel in several aspects of his trial, sentencing, and appeal. In October 2018, the Court granted respondent's motion for summary judgment, finding each of petitioner's claims legally deficient. [DE 216].

## DISCUSSION

A party may move a court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The decision to alter or amend a judgment is committed to the discretion of the district court. The Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not available at trial; or (3) that the court has committed a clear error of law or manifest injustice. *See, e.g., Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

Petitioner argues that the Court's order should be altered and relief should be granted by setting aside judgment because (1) the Court erroneously concluded that defense counsel had presented witnesses on petitioner's behalf at trial and (2) the Court "abused its discretion by arbitrarily denying an evidentiary hearing to expand the record." [DE 218, p. 1–5]. Petitioner also re-argues a number of issues previously dealt with on direct appeal or in collateral proceedings, without alleging any specific error by the Court, before concluding that the Court's summary judgment order failed to address his claim that his forty-year sentences on Counts Four, Five, and Six of his superseding indictment were unlawful. [DE 218, p. 8–15].

First, petitioner argues that the Court erroneously concluded that defense counsel had presented witnesses on petitioner's behalf at trial. In fact, trial counsel did not subpoena any witnesses on petitioner's behalf, opting instead of develop testimony from witnesses called by petitioner's co-defendant in petitioner's defense. To the extent that the Court was unclear in its prior order, and in the interest of clarity: trial counsel's decision to question three witnesses

2

about the nature of petitioner's business, petitioner's employment, and petitioner's sources of income establishes that counsel was not constitutionally ineffective. Under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), a court's "scrutiny of counsel's performance must be highly deferential." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). There is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Here, trial counsel is entitled to the presumption that his strategy regarding trial witnesses fell within the range of reasonable professional assistance. Trial counsel's decision not to call any additional witnesses and to present petitioner's defense through the testimony of Vincent Pressley, Brittany Dawson, and James Pressley, Jr. does not meet the high *Strickland* bar.

Second, petitioner argues that the Court "abused its discretion by arbitrarily denying an evidentiary hearing to expand the record." [DE 218, p. 5]. But the Court committed no error in determining that there were no genuine issues of material fact as to each of petitioner's fifteen claims that survived to the summary judgment stage and that respondent was entitled to summary judgment on each claim as a matter of law. If that had not been the case, and if petitioner could potentially have developed an ineffective assistance of counsel claim that entitled him to relief, then an evidentiary hearing would have been necessary. Instead, each of petitioner's claims was legally deficient, so petitioner was not entitled to an evidentiary hearing. The Court did not arbitrarily deny such a hearing and did not abuse its discretion in granting summary judgment to respondent without holding such a hearing.

Third, petitioner argues that his forty-year sentences on Counts Four, Five, and Six of his superseding indictment, distribution of twenty-eight grams or more of cocaine base (crack) in

3

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), were unlawful because they "exceeded the default penalty" of twenty years. [DE 218, p. 15]. Petitioner believes that the Court should have addressed this in its prior order. But the forty-year sentences imposed on each of these counts were within the advisory range and the statutory maximums. Individuals convicted of distribution of twenty-eight or more grams of crack "shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841(b)(1)(B). Petitioner's forty-year sentences were, therefore, not unlawful.

The remainder of petitioner's arguments in his motion for reconsideration do not allege errors or changed circumstances which would make reconsideration appropriate. They are generally attempts to re-argue claims that have already been rejected, either on direct appeal or collateral review. Since the Court's summary judgment order, there has been no intervening change in law, there is no new evidence, and the Court neither committed a clear error of law nor worked manifest injustice. *See Robinson*, 599 F.3d at 407. Petitioner's motion must, therefore, be denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion to reconsider [DE 218] is DENIED.

SO ORDERED, this ___ day of December, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE